IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYSHON D. LAWS, | |
|         Plaintiffs, | |
| v. | Case No. 3:23-CV-01926-SPM |
| WALMART INC., | |
|         Defendants. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Dismiss (Doc. 21) filed by Defendant Walmart Inc. ("Walmart"). Having been fully informed of the issues presented, this Court **GRANTS** Walmart's Motion to Dismiss.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Laws is a former employee of the Walmart store in Waterloo, Illinois. (*See* Doc. 3). In her initial Complaint, Laws alleged race-based discrimination and retaliation cognizable under Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. §§ 1981, 2000e-5. (*See id.*, p. 2) She claims that she was accused of threatening a person ("Kristen") and summarily terminated without any prior history of disciplinary measures taken against her. (*See id.*, pp. 3–4). She claims that the store manager ("Rachel") is prejudiced against black people and that she fired two other black employees. (*See id.*, p. 4). Laws sought back pay, reinstatement to her former position, costs, and money damages including for mental anguish caused by loss of her job. (*See id.*, p. 5).

Walmart filed a Motion to Dismiss (Doc. 13) arguing that Laws failed to state a claim. Laws then filed what was labeled as Motion for Jury Trial and Response to Walmart's Motion (Doc. 14). The Court granted Laws leave to file an Amended Complaint. (*See* Doc. 15). Laws filed this Amended Complaint (Doc. 16) and an additional Motion for Jury Trial (Doc. 19) which this Court, as a one-time courtesy, read as a supplement to her Amended Complaint. (*See* Doc. 20). Walmart filed the instant Motion arguing that Laws has failed to state a valid claim for relief under Title VII. (*See* Docs. 21, 22).

## APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

Because the instant suit was filed in Illinois and both parties have applied Illinois law, the Court applies the same. *See Ryerson Inc. v. Fed. Ins. Co.*, 676 F.3d 610, 611–12 (7th Cir. 2012).

## ANALYSIS

A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Indeed, Federal Rule of Civil Procedure 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." "Moreover, '[a] litigant who appears pro se should not be treated more harshly for negligent errors than one represented by an attorney. Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human error . . . .'" *Sanders v. Melvin*, 25 F.4th 475 (7th Cir. 2022) (quoting *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 277 n.8 (7th Cir. 1986)).

When assessing Laws's Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id.* The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404. While it is true that a Complaint need only allege sufficient facts to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly* at 570), as noted above, a plaintiff cannot simply put "a few words on paper . . . that might suggest" something illegal *might* have happened. *Swanson*, 614 F.3d at 403.

The crux of Laws's arguments are that (1) she was terminated due to the color of her skin in violation of Title VII and in violation of Walmart's policies and that (2) her manager retaliated against her. (*See* Docs. 3, 14, 16, 19). Laws's arguments regarding these claims are fragmentary at best, even construing her claims as liberally as possible.

Walmart argues that Laws has not pleaded with sufficient specificity to meet the high bar of *Twombly* and *Iqbal*. Moreover, they argue that, because Title VII does not allow supervisor liability lawsuits, Laws cannot pursue claims against her

manager. (*See* Doc. 22, p. 9; Doc. 3, Ex. A). Additionally, even if she could bring suit against individuals, Laws's permission to sue from the U.S. Equal Opportunity Commission ("EEOC") specifies Walmart as the only party against whom Laws may bring claims. (*See* Doc. 3, Ex. A.).

Even construing Laws's Amended Complaint liberally with regard to her status as a pro se filer, it is short on critical details. The Seventh Circuit provided the following example of the requirements:

> A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario, whether or not it describes what "really" went on in this plaintiff's case.

*Swanson v. Citibank*, N.A., 614 F.3d 400, 404–05 (7th Cir. 2010). Thus, while Laws is not required to prove her case at the pleading stage or to provide a detailed factual summary, she "must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Id*. at 404. The "key questions" are thus (1) "what, exactly, does it take to give the opposing party 'fair notice'"; (2) "how much detail realistically can be given, and should be given, about the nature and basis or grounds of the claim"; and (3) "in what way is the pleader expected to signal the type of litigation that is being put before the court?" *Id*.

Laws has clearly informed Walmart that she is bringing suit for discrimination and retaliation pursuant to Title VII. (*See* Doc. 16). She has obtained authorization to bring suit against Walmart from the EEOC. (*See* Doc. 3, Ex. A). Laws has also

Page 5 of 6

signaled the type of litigation that is brought before this Court. The critical question, then, is whether or not she has provided a sufficient level of detail regrading the events in question in her pleadings.

While Laws does provide the date of her termination, she does not provide the last names of any of those involved in her termination. She recites only conclusory statements about alleged discrimination and termination. Even considering the asymmetry between the parties in this case, Laws's Complaint does not survive Walmart's Motion to Dismiss. Moreover, the Court finds it dubious that Laws will be able to provide a sufficient level of detail in a subsequently amended complaint, as her Amended Complaint at issue here is threadbare. That being said, the Court will grant Laws leave to file a Second Amended Complaint to cure the stated defects and state a plausible claim for relief under Title VII.

## CONCLUSION

For the reasons set forth above, the Walmart's Motion to Dismiss (Doc. 21) is **GRANTED**. Plaintiff Tyshon Laws's Amended Complaint (Doc. 16) is **DISMISSED without prejudice**. Laws may file a second amended complaint on or before e January 17, 2024 based on the parameters of this Order or she may file a motion for leave to amend.

**IT IS SO ORDERED.**

**DATED:  December 18, 2023**

                                           *s/ Stephen P. McGlynn*
                                           **STEPHEN P. McGLYNN**
                                           **U.S. District Judge**