IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYSHON D. LAWS,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**WALMART INC.,**<br><br>        **Defendant.** | Case No. 3:23-CV-01926-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Dismiss (Doc. 28) filed by Defendant Walmart Inc. ("Walmart"). Having been fully informed of the issues presented, this Court **GRANTS in part and DENIES in part** Walmart's Motion to Dismiss.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Laws is a former employee of the Walmart store in Waterloo, Illinois. (*See* Docs. 3, 16, 27). In her Second Amended Complaint, Laws alleges race-based discrimination and retaliation cognizable under Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. §§ 1981, 2000e-5. (*See* Doc. 27, Ex. 1, p. 1) She claims that she was accused of threatening a person ("Kristen") and summarily terminated without any prior history of disciplinary measures taken against her. (*See id.*, Ex. 1, p. 2). She claims that the store manager ("Rachel Ford") displayed prejudice against Black people, that Ford fired two other Black employees, and that Laws reported discrimination previously. (*See id.*, p. 4, ¶¶ 9, 10; *id.*, Ex. 2, p. 4). Laws states that she "was

discriminated against based on [her] color because [she] talk[s] back." (*Id.*, p. 7). Laws seeks damages for lost wages "due to wrongful termination and racial discrimination" and seeks compensation "for the undue stress, humiliation, and health problems stemming from the wrongful termination." (*Id.*, Ex. 1, p. 1).

After Laws filed her initial Complaint (Doc. 3), Walmart filed a Motion to Dismiss arguing that Laws failed to state a claim. (*See* Doc. 13). Laws then filed what was labeled as Motion for Jury Trial and Response to Walmart's Motion (Doc. 14). The Court granted Laws leave to file an Amended Complaint. (*See* Doc. 15). Laws filed this Amended Complaint (Doc. 16) and an additional Motion for Jury Trial (Doc. 19) which this Court, as a one-time courtesy, read as a supplement to her Amended Complaint. (*See* Doc. 20). Walmart filed a Motion to Dismiss (Docs. 21, 22) to which Laws filed a Response (Doc. 23). The Court granted Walmart's Motion to Dismiss on December 18, 2023. (*See* Doc. 24). The Court granted Laws leave to file a Second Amended Complaint, which she filed on February 16, 2024. (*See* Doc. 27). Walmart filed a Motion to Dismiss on March 18, 2024 arguing that, once again, Laws has failed to state a valid claim for relief under Title VII. (*See* Docs. 28, 29). Laws also filed a reply to Walmart's Motion to Dismiss. (*See* Doc. 30).

### APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals

for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Indeed, Federal Rule of Civil Procedure 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." "Moreover, '[a] litigant who appears pro se should not be treated more harshly for negligent errors than one

represented by an attorney. Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human error . . . .'" *Sanders v. Melvin*, 25 F.4th 475 (7th Cir. 2022) (quoting *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 277 n.8 (7th Cir. 1986)).

When assessing Laws's Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id.* The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404. While it is true that a Complaint need only allege sufficient facts to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly* at 570), as noted above, a plaintiff cannot simply put "a few words on paper . . . that might suggest" something illegal *might* have happened. *Swanson*, 614 F.3d at 403. Specifically in the employment discrimination context, "[i]t is not enough for the complaint to observe only that federal law prohibits adverse employment actions on those grounds. There must be some *facts* that make the

wrongful discharge contention plausible." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022).

The crux of Laws's arguments are that (1) she was terminated due to the color of her skin in violation of Title VII and in violation of Walmart's policies and that (2) her manager retaliated against her. (*See* Docs. 3, 14, 16, 19, 27). In her Second Amended Complaint, Laws attempts to provide additional details about the store manager at the Walmart in Waterloo and of other employees whom she claims were also terminated due to their race. (*See* Doc. 27). Notably, she also states that she brought concerns about discrimination of other Black employees to management on "various occasions" and that "[n]othing was ever done to correct the problem." (*Id.*, p. 4, ¶ 9).

In their Motion to Dismiss, Walmart argues that "*Kaminski* is analogous to this case, where the Seventh Circuit affirmed the district court's dismissal of a pro se plaintiff's complaint for failing to include sufficient factual allegations directly or indirectly connecting the termination to plaintiff's national origin, age, or race." (Doc. 29, p. 6 (citing *Kaminski* at 776)). Walmart argues that Laws's Second Amended Complaint "fails to allege a plausible claim of race or color discrimination, i.e., that she suffered an adverse employment action because she is an African American or Black." (*Id.*, p. 7). Regarding retaliation, Walmart argues that "Plaintiff pleads no facts to support a causal link/nexus between her protected activity and termination." (*Id.*, p. 10 (citing *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 566–67 (7th Cir. 2019); *Straub v. Jewel Food Stores, Inc.*, No. 17 C 6401, 2018 U.S. Dist. LEXIS 161126, at *12–13 (N.D. Ill. Sep. 20, 2018))). They argue that Laws has failed to sufficiently

amend her First Amended Complaint and that the allegations in her Second Amended Complaint are "substantially similar." (*Id.*, p. 11). Regarding Laws's claims against Rachel Ford, the store manager, Walmart argues that Title VII does not support individual liability and that, even if it did, Laws did not obtain a right to sue letter from the United States Equal Employment Opportunity Commission permitting Laws to sue Rachel Ford directly. (*See id.*, p. 12 (citations omitted)).

Considering all of the above, the critical issue here is whether Laws's Second Amended Complaint hews closer to *Kaminski* or to *Swanson*. *Compare Kaminski*, 23 F.4th at 777 ("The one detail Kaminski does allege about her discharge is that Elite Staffing fired her pursuant to a company policy. But her complaint says no more—nothing allowing us to see a link between any aspect of that policy and her contention that the agency discharged her because she is Polish, white, or over 50. Right to it, Kaminski's complaint allows no inference that Elite Staffing engaged in discrimination."), *with Swanson*, 614 F.3d at 405 ("Swanson's complaint identifies the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint." (citations omitted)).

In *Kaminski*, even though "all agree Kaminski alleges she lost her job because of her age, race, and national origin," the Seventh Circuit was clear that "Rule 8 requires more." *Id.* (citing *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 855 (7th Cir. 2019); FED. R. CIV. P. 8). Thus, while Laws is not required to prove her case at the pleading stage or to provide a detailed factual summary, she "must give enough

details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010). The Seventh Circuit's "key questions" are (1) "what, exactly, does it take to give the opposing party 'fair notice'"; (2) "how much detail realistically can be given, and should be given, about the nature and basis or grounds of the claim"; and (3) "in what way is the pleader expected to signal the type of litigation that is being put before the court?" *Id.* Additionally, the addition of "other, largely extraneous facts in [a] complaint does not undermine the soundness of [the] pleading." *Id.* at 405.

While the Court recognizes Walmart's argument that the instant Complaint is "substantially similar" to Laws's previously submitted pleadings, the Court is satisfied that Walmart has been provided with fair notice of Laws's claims. (Doc. 29, p. 11). Although Walmart argues that Laws's claims do not "give Defendant fair notice of Plaintiff's allegations of discrimination," (Doc. 29, p. 8 (citing *Tamayo*, 526 F.3d at 1084)), the Seventh Circuit explicitly stated that "[e]mployers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." *Carlson* at 827 (citing *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007)). Moreover, while Laws's *pro se* status does not change the requirements of Federal Rule of Civil Procedure 8, it does mean that she will be afforded significant leeway in the interpretation of her pleadings.

Additionally, Walmart attempts to apply a heightened pleading standard in their Motion to Dismiss of which the Seventh Circuit expressly disapproved. (*See* Doc.

29, p. 8); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("Title VII claims are not subject to a heightened pleading standard." (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002); *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir.2013); *Swanson*, 614 F.3d at 404)). In support of their argument that Laws's Second Amended Complaint contains insufficient factual details, Walmart argues that "[t]hese allegations do not show how similarly situated co-workers outside of her protected class . . . were treated more favorably." (Doc. 29, p. 8). In *Kaminski*, the Seventh Circuit stated that they needed "to sound a soft note of concern about the approach the district court seems to have taken in dismissing Kaminski's second amended complaint" because "a plaintiff need not allege facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment. She certainly does not need to identify—as the district court seems to have suggested—a similarly situated employee who managed to avoid termination." *Kaminski* at 777. In summary, "[t]o survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." *Id.* (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021); *Tamayo*, 526 F.3d at 1084); *see Carlson*, 758 F.3d at 827 ("In Carlson's second amended complaint (the operative one), she alleged which positions she sought and was denied, and she attributed the denial to sex discrimination, satisfying the standard applied in *Swanson*, *Tamayo*, and *Concentra*.").

Viewing Laws's Second Amended Complaint in light of *Kaminski* and *Swanson*, the Court holds that the instant Complaint comports with the

requirements of Federal Rule of Civil Procedure 8 and with Seventh Circuit caselaw. Laws has added certain details to her Second Amended Complaint that are not present in previous versions, including that she raised concerns about discrimination against Black people with management. (*See* Doc. 27, p. 4, ¶ 9). As Walmart indicates, Laws does not provide details on the approximate dates of these complaints or to whom they were addressed. (*See* Doc. 29, p. 10). That being said, taking all of Laws's allegations as true, she has stated a claim for relief that is plausible in that it provides the required "*facts* that make the wrongful discharge contention plausible." *Kaminski* at 776 (citing *Doe*, 933 F.3d 849 at 855). Additionally, while the Seventh Circuit has stated that "[i]f the best a plaintiff can do is allege that he engaged in protected activity and then, years later, the employer took an adverse action against him, the claim may not be permitted to proceed," *Carlson* at 828, Laws's brief tenure at Walmart indicates that years do not separate her alleged reports of discrimination and her termination. (*See* Doc. 27, p. 4, ¶¶ 4, 9).

Regarding Walmart's argument that Laws cannot bring suit against Rachel Ford directly, the Court reads her Second Amended Complaint as bringing suit against Walmart because of the actions of Ford on behalf of the company, which is permissible in Title VII suits. (*See* Doc. 29, pp. 12–13); *Swanson*, 614 F.3d at 405. Walmart is correct, however, that Title VII claims cannot be brought against an individually directly and that Laws's EEOC right-to-sue letter named only Walmart as the defendant. (*See* Doc. 29, pp. 12–13; Doc. 3, Ex. 1). Therefore, any claims brought against Ms. Ford directly under Title VII must be dismissed with prejudice and Ms. Ford shall be terminated as a named defendant in this case.

While the Court does not deny that Laws's Second Amended Complaint is threadbare and that she must provide evidence to support a prima facie case of discrimination to survive summary judgment, she has met the minimum bar to survive Walmart's Motion to Dismiss and proceed to discovery.

## CONCLUSION

For the reasons set forth above, Defendant Walmart's Motion to Dismiss (Doc. 28) is **GRANTED in part and DENIED in part**. Walmart's Motion to Dismiss is **DENIED** with respect to Plaintiff Laws's Title VII discrimination and retaliation claims and is **GRANTED** with respect to any claims made against Rachel Ford in an individual capacity. Any claims against Rachel Ford brought pursuant to Title VII are **DISMISSED with prejudice** and Ms. Ford shall be **TERMINATED** as a named defendant. This matter will proceed into discovery on the Title VII discrimination and retaliation claims against Walmart only.

**IT IS SO ORDERED.**

**DATED:  April 11, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
