IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYSHON D. LAWS, | |
| **Plaintiff,** | |
| v. | Case No. 23-CV-01926-SPM |
| WALMART INC., | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Dismiss (Doc. 74) filed by Defendant Walmart Inc. ("Walmart"). *Pro se* Plaintiff Tyshon Laws filed a Response (Doc. 77). Having been fully informed of the issues presented, Walmart's Motion to Dismiss is **GRANTED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Laws is a former employee of the Walmart store in Waterloo, Illinois. (*See* Docs. 3, 16, 27, 44). In her Third Amended Complaint, Laws alleges race-based discrimination and retaliation cognizable under Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. §§ 1981, 2000e-5. (*See* Doc. 44, p. 1) She claims that she was accused of threatening a coworker ("Kristen") and summarily terminated without any prior history of disciplinary measures taken against her. (*See id.*). She claims that the store manager ("Rachel Ford") displayed prejudice against Black people, that Ford fired two other Black employees, and that Laws reported discrimination previously. (*See id.*, pp. 1, 3). Laws seeks damages for lost wages and income and

claims emotional distress and intentional infliction of emotional distress. (*See id.*, p. 4).

After Laws filed her initial Complaint on June 5, 2023 (Doc. 3), Walmart filed a Motion to Dismiss arguing that Laws failed to state a claim. (*See* Doc. 13). Laws then filed what was labeled as Motion for Jury Trial and Response to Walmart's Motion on August 24, 2023 (Doc. 14). The Court granted Laws leave to file an Amended Complaint. (*See* Doc. 15). Laws filed an Amended Complaint on September 25, 2024 (Doc. 16) and later filed an additional Motion for Jury Trial on October 24, 2024 (Doc. 19) which this Court, as a one-time courtesy, read as a supplement to her Amended Complaint. (*See* Doc. 20). Walmart filed another Motion to Dismiss on November 9, 2024 (*see* Docs. 21, 22) to which Laws filed a Response (Doc. 23). The Court granted Walmart's Motion to Dismiss and granted Laws leave to file a Second Amended Complaint on December 18, 2023 (*see* Doc. 24), which she filed on February 16, 2024. (*See* Doc. 27).

Walmart filed a Motion to Dismiss on March 18, 2024 arguing that, once again, Laws had failed to state a valid claim for relief under Title VII. (*See* Docs. 28, 29). Laws filed a reply to Walmart's Motion to Dismiss. (*See* Doc. 30). The Court granted in part and denied in part Walmart's Motion to Dismiss on April 11, 2024, allowing the claims against Walmart to proceed but dismissing the claims against Rachel Ford in an individual capacity. (*See* Doc. 31). The Court granted Laws leave to file a Third Amended Complaint on May 9, 2024. (*See* Doc. 43). Walmart filed the instant Motion on September 19, 2024. (*See* Doc. 74). Laws filed a Response (Doc. 77) and another Motion for Jury Trial (Doc. 78) on October 15, 2024.

**APPLICABLE LAW AND LEGAL STANDARDS**

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing FED. R. CIV. P. 26(b)(1)).

Federal Rule of Civil Procedure 37(a)(1) permits a party to "move for an order compelling disclosure or discovery" provided that the motion includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This certification is also required by Local Rule 26.1(c)(2) and the Court's Case Management Procedures. Rule 37(b) provides that failure to comply with a discovery order issued by the court is a sanctionable offense, with potential sanctions including dismissal of the action in whole or in part, default judgment, or holding a party in contempt of court. *See* FED. R. CIV. P. 37(b)(2)(A).

**ANALYSIS**

In its Motion, Walmart provides documentation indicating that Plaintiff Laws (1) failed to respond to Walmart's written discovery requests; (2) disregarded the

Court's Order (Doc. 60) on Walmart's Motion to Compel Laws's written discovery responses (Doc. 59); and (3) failed to attend her deposition on September 13, 2024 after Walmart first provided notice on August 29, 2024. (*See* Doc. 75). Walmart has provided certification that it made a good faith effort to coordinate with Laws to complete written discovery and to arrange a mutually convenient time for her deposition. (*See id.*). Walmart points to Federal Rule of Civil Procedure 37(d), which states that:

> The Court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)— fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response . . . .

(Doc. 75, p. 6 (citing FED. R. CIV. P. 37(d)). They also argue that this is not the first case during which Laws has refused to comply with discovery deadlines—District Judge Carol E. Jackson of the U.S. District Court for the Eastern District of Missouri dismissed a prior case of Laws's for the same reason. (*See id.*, p. 10 (citing *Tyshon Laws v. Norfolk Southern Corp.*, Case No. 4:15-CV-924-CEJ (E.D. Mo. May 11, 2016) (Doc. 54))).

In various filings to the Court, Laws has indicated that she is struggling to prosecute her case because of issues in her personal life (*see* Doc. 61, 71, 77), that she does not have a computer (*see* Doc. 68, p. 2), that she does not get along with counsel for Walmart (*see* Docs. 71, 72), and that she struggles to attend scheduled events because her job is short-handed (*see* Doc 70) and her schedule is inflexible (*see* Doc. 77). Walmart has noted that Laws does not respond to emails or phone calls. (*See* Doc.

75, Exs. B, C, D). Her "response" to Walmart's written discovery requests was a one-page reiteration of her Complaint. (*See* Doc. 65, p. 2). While Laws did file a Response (Doc. 77) to Walmart's Motion to Dismiss, she once more states that it is difficult to prosecute this case *pro se* and that it is difficult for her to take time off from work. (*See id.*).

In the instant case, much like in her prior case in the Eastern District of Missouri, Plaintiff Laws has refused to substantively respond to Walmart's written discovery. (*See* Docs. 60, 65); *see also* Case No. 4:15-CV-924-CEJ (Doc. 54). Laws failed to attend her scheduled deposition (*see* Doc. 75, p. 6). And, most critically, she disregarded this Court's August 5, 2024 Order to respond to Walmart's written discovery and to complete her deposition no later than September 18, 2024. (*See* Doc. 60). Plaintiff Laws was previously warned that failure to follow this Court's Orders would result in sanctions being imposed against her, up to and including dismissal of this case for want of prosecution. (*See id.* (citing FED. R. CIV. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993))).

The Court has sympathy for Plaintiff Laws and the difficulties she has experienced in prosecuting this case as a *pro se* litigant. As discussed in prior Orders, the Seventh Circuit has noted that "[a] litigant who appears pro se should not be treated more harshly for negligent errors than one represented by an attorney. Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human error . . . ." *Sanders v. Melvin*, 25 F.4th 475 (7th Cir. 2022) (quoting *Schilling v. Walworth Cnty.*

*Park & Plan. Comm'n*, 805 F.2d 272, 277 n.8 (7th Cir. 1986)). However, Plaintiff Laws has been provided with ample opportunity to prosecute this case. The Court has provided her with as much leeway as justice requires so that she can develop her case, including allowing her to file three amended complaints (*see* Docs. 16, 27, 44) and providing her with various extensions of time (*see* Docs. 26, 62). Plaintiff Laws cannot escape the requirement that she must comply with the Federal Rules of Civil Procedure (*see* Doc. 73) and with this Court's orders (*see* Doc. 60). Her failure to abide by both is dispositive. Walmart's Motion to Dismiss (Doc. 74) must be granted. Moreover, because Plaintiff Laws has been provided with sufficient opportunities to amend her complaint and to litigate this case, dismissal with prejudice is appropriate.

## CONCLUSION

For the reasons set forth above, Defendant Walmart's Motion to Dismiss (Doc. 74) is **GRANTED**. This case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket. Additionally, her Motion for Jury Trial (Doc. 78) is **DENIED as moot**. Should Plaintiff Laws wish to appeal the judgment of this Court, she must do so within thirty (30) days as required by Federal Rule of Appellate Procedure 4(a)(1)(A).

**IT IS SO ORDERED.**

**DATED:  October 16, 2024**

> **s/ *Stephen P. McGlynn*** 
> **STEPHEN P. McGLYNN** 
> **U.S. District Judge**